IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE SULLIVAN, | ) CIVIL ACTION NO. 3:22-116 |
| Plaintiff, | ) |
| | ) JUDGE KIM R. GIBSON |
| v. | ) |
| | ) |
| EXACT SCIENCES CORPORATION and KEVIN CONROY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is the parties' "Joint Motion for Entry of Stipulated Protective Order[.]" (ECF No. 41). In that document, Plaintiff Suzanne Sullivan ("Plaintiff") and Defendants Exact Sciences Corporation ("Exact Sciences") and Kevin Conroy ("Mr. Conroy") (collectively, "Defendants") request that the Court enter a proposed protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. (*Id.* at 1). The parties state that they agree on all language in their proposed protective order, with one exception—a sentence in paragraph 6 (the "Disputed Sentence"). (*Id.*). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' Motion. Specifically, the Court will enter the parties' proposed protective order in full, with the lone exception of the Disputed Sentence in paragraph 6.

I.   Background

A. Procedural and Factual History

In her Amended Complaint, Plaintiff alleges that she worked for Exact Sciences in the summer and fall of 2021. (ECF No. 22 at 1–7). She further avers that on July 30, 2021, Exact Sciences announced that it would be requiring all employees to fully receive a COVID-19

vaccine by September 15, 2021. (*Id.* at ¶ 16). However, Plaintiff states that she experienced adverse reactions to the influenza vaccine, which substantially impaired certain of her major life activities, and which might have rendered her unable to receive the COVID-19 vaccine. (*Id.* at 22–35). Therefore, Plaintiff alleges that she sought an accommodation from Exact Sciences, a request that the company denied, leading to her termination (*Id.* at ¶¶ 33–38, 47, 64).

As a result of these alleged actions, Plaintiff advances the following five claims: (1) Disability Discrimination under the Americans with Disabilities Act of 1990 (the "ADA") and the Pennsylvania Human Relations Act (the "PHRA") as against Exact Sciences ("Count I"); (2) Unlawful Retaliation under the ADA and the PHRA as against Exact Sciences, and Unlawful Retaliation under the PHRA as against Mr. Conroy ("Count II"); (3) Violation of Plaintiff's Rights under the Family and Medical Leave Act of 1993 (the "FMLA") as against Exact Sciences ("Count III"); (4) Unlawful Retaliation and Discrimination in Violation of the FMLA as against Exact Sciences ("Count IV"); and (5) Aiding and Abetting under the PHRA as against Mr. Conroy ("Count V"). (*Id.* at 10–17).

Plaintiff's counsel in this matter represents another plaintiff, Dillan Roth ("Mr. Roth"), in another lawsuit against Defendants (the "Roth Matter"), which is being presided over by the Honorable Susan Paradise Baxter ("Judge Baxter"). (ECF No. 41 at 1–3).[1] In the Roth Matter, Mr. Roth is suing Defendants for their alleged failure to provide him with a religious exemption to the vaccine requirement under Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id.* at 2–4).

---

[1] Likewise, counsel for Defendants in this matter represent Defendants in the Roth Matter. (ECF No. 41-1 at 3; ECF No. 59 at 3–4).

Critically, the parties have informed the Court that they jointly agreed to produce certain discovery for both this case and the Roth Matter. (*Id.* at 2–3; ECF No. 59 at 4:13–18). However, Defendants contend that the discovery that they produced in this matter contained certain non-party medical information, and they did not agree to produce that documentation for use in the Roth Matter. (ECF No. 59 at 4:18–21).

B.   **The Parties' Request for a Protective Order**

As the Court has previously noted, the parties have jointly requested a protective order pursuant to Federal Rule of Civil Procedure 26(c). (ECF No. 41). In their proposed protective order, they seek to have certain information, "which is provided or produced in response to interrogatories, requests for production of documents or requests for admission, or used in depositions," deemed confidential. (ECF No. 41-1 at 1). This information includes: (1) all "personnel records or any other documents related to the employment or separation therefrom of [Exact Science's] non-party employees or former employees"; (2) all "corporate trade secrets, corporate financial records, private contractual agreements, customer records or other corporate proprietary information of" Exact Sciences; and (3) all "medical records of Plaintiff[.]" (*Id.*). The proposed protective order then places certain restrictions on the use of confidential information, such as a requirement that if a party seeks to file such information with the Court in this case, that party must request that the Court permit it to do so under seal. (*Id.* at 1–3).

Notably, the parties agree upon all of the language in their proposed protective order, with the lone exception of the Disputed Sentence. (ECF No. 41 at 1). That sentence, which is requested by Defendants, reads as follows: "However, any documents containing medical

information of non-parties who also sought medical exemptions may not be used as evidence in the Roth Matter." (ECF No. 41-1 at 3).

In short, there are two issues before the Court. The first issue is whether, generally speaking, the Court should issue the parties' proposed protective order. If the first issue is resolved in the affirmative, the second issue is whether to include the Disputed Sentence in the protective order, which would bar the parties from using, *in the Roth Matter*, any documents: (1) containing medical information of non-parties who also sought medical exemptions (2) *that were produced in discovery in this case*.

## II.   Discussion

### A.   The Parties' Arguments

Defendants offer three arguments in support of their request that the Court include the Disputed Sentence in the protective order. First, Defendants state that because Mr. Roth is not advancing a claim under the ADA or any other claim based on an alleged disability, medical information of non-parties that is produced in this matter would not be discoverable in the Roth Matter because it would be irrelevant. (ECF No. 41 at 3–4). Second, Defendants assert that the non-party medical information produced in this case would "have no evidentiary value" in the Roth Matter, and it would therefore "violate the privacy rights of those non-parties." (*Id.* at 4); (ECF No. 59 at 5:11–16) (Defendants' attorney stating that "non-party medical information doesn't have any bearing on the claims or defenses in the Roth [Matter] because [Mr.] Roth hasn't got any disability-related claims. And producing that information under those circumstances violates the privacy rights of non-parties."). Finally, Defendants contend that there is "no mechanism in the Federal Rules of Civil Procedure that allows a plaintiff to obtain

discovery from another case ... simply because her attorney obtained that discovery in this case." (ECF No. 59 at 4:22–5:1).

In response, Plaintiff argues that there are a number of similarities between this case and the Roth Matter, and that documents produced in this case are in fact relevant to the Roth Matter. (ECF No. 41 at 2–3). Further, Plaintiff asserts that it is for Judge Baxter to decide whether information produced in this matter is relevant to the Roth Matter. (*Id.* at 3). Finally, Plaintiff notes that she has agreed to the inclusion of the following language in the proposed protective order: "The parties reserve the right to object to the use of any Confidential Information produced in this case in the Roth Matter on relevancy or any other applicable grounds." (*Id.*).

B.      **Legal Standard**

The "Federal Rules of Civil Procedure allow 'any person from whom discovery is sought' to 'move for a protective order.'" *Piazza v. Young*, No. 4:19-CV-180, 2022 WL 9538024, at *2 (M.D. Pa. Oct. 14, 2022) (quoting FED. R. CIV. P. 26(c)(1)). Rule 26(c) "provides that a 'court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting FED. R. CIV. P. 26(c)(1)). In deciding whether to grant a motion for a protective order, the "District Court must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (internal quotation marks and citation omitted).

"Legitimate interests in privacy are among the proper subjects of [Rule 26(c)'s] protection." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). Indeed, "'[i]t is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties

who the court reasonably finds are entitled to such protection.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)). However, the "party seeking a protective order over discovery material must demonstrate that good cause exists for the order." *In re Avandia Mktg.*, 924 F.3d at 671 (internal quotation marks and citation omitted). "Good cause means 'that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.'" *Id.* (quoting *Pansy*, 23 F.3d at 786). To that end, "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.* (internal quotation marks and citation omitted). But the injury shown need be no more than embarrassment—a party need not establish "a monetizable injury." *Pearson*, 211 F.3d at 73.

Finally, the Third Circuit has set forth various factors, "which are neither mandatory nor exhaustive," that courts may consider as they go about determining "whether good cause exists and, by extension, whether a protective order should issue[.]" *In re Avandia Mkt'g.*, 924 F.3d at 671 (internal quotation marks and citation omitted). Those factors include: (1) whether "disclosure will violate any private interests;" (2) whether "the information is being sought for a legitimate purpose or for an improper purpose;" (3) whether "disclosure of the information will cause a party embarrassment;" (4) whether "confidentiality is being sought over information important to public health and safety;" (5) whether "the sharing of information among litigants will promote fairness and efficiency;" (6) whether a "party benefitting from the order of confidentiality is a public entity or official;" and (7) whether "the case involves issues important to the public." *Id.* (internal quotation marks and citation omitted). A District Court's analysis on this issue should always "reflect a balancing of private versus public interests[,]" and the

District Court should "articulate on the record findings supporting its decision to grant or deny a protective order." *Id.* at 671–72 (internal quotation marks and citations omitted).

C.     Analysis

The Court begins by turning to the issue of whether to grant the parties' motion for a protective order, independent of the Disputed Sentence. Because the parties' proposed protective order (ECF No. 41-1) appears to be a measured effort to protect legitimate and substantial privacy interests, and because the parties have jointly submitted it for the Court's consideration, the Court finds that good cause exists to enter that order. FED. R. CIV. P. 26(c)(1).

The Court therefore turns its attention to the Disputed Sentence. In doing so, the Court finds that Defendants have not shown good cause to include that sentence in the protective order.

Indeed, given the facts and evidence currently before the Court, the Court finds that Defendants' private interests in the inclusion of the Disputed Sentence are not particularly significant. They simply contend that, if the Court does not include the Disputed Sentence in the protective order, the non-parties' privacy rights will be violated by the disclosure of their medical records in the Roth Matter. However, Defendants have not provided these medical records to the Court, meaning that the Court cannot assess whether they contain highly sensitive medical information. The Court likewise cannot assess whether the records are comprised *solely* of medical information, as opposed to some combination of medical information alongside other, less sensitive material (which may also be highly relevant in the context of the Roth Matter). Most fundamentally, Defendants have only provided the Court with broad, conclusory allegations of the harm to the non-parties in the event that the Court

does not include the Disputed Sentence in the protective order. (ECF No. 41 at 4) (arguing that the materials that are the subject of the Disputed Sentence would have no evidentiary value in the Roth Matter, meaning that their production in that case would "violate the privacy rights of [these] non-parties."); (ECF No. 59). This reality is critical because, as the Court has previously noted, "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not support a good cause showing." *In re Avandia Mkt'g*, 924 F.3d at 671 (internal quotation marks and citation omitted).[2]

---

[2] The Court briefly addresses Defendants' two additional arguments in support of their request that the Court include the Disputed Sentence in the protective order. In doing so, the Court explains why it finds both arguments unavailing.

With respect to Defendants' argument that the non-parties' medical information is irrelevant to the Roth Matter, the Court reiterates that Defendants have not provided that medical information to the Court. Therefore, the Court cannot meaningfully assess whether those materials are relevant to the Roth Matter. Even more fundamentally, because Judge Baxter is presiding over the Roth Matter, the Court finds that Defendants' arguments about the relevancy of the medical materials to the Roth Matter are properly directed to Judge Baxter, not this Court. Therefore, the Court finds this argument unavailing.

Defendants' second argument is that there is "no mechanism in the Federal Rules of Civil Procedure that allows a plaintiff to obtain discovery from another case … simply because her attorney obtained that discovery in this case." (ECF No. 59 at 4:22–5:1). However, the Court stresses that Defendants have pointed to no legal rule *barring* Plaintiff from using the non-parties' medical information in the Roth Matter *simply because she obtained that information in this matter*. (ECF Nos. 41, 59). Further, the Court notes that: (1) Defendants willingly agreed to produce this information in this matter, (ECF No. 59 at 8:3–8), (2) Defendants have not referred the Court to any provision of any agreement between themselves and Plaintiff indicating that this information *may not* be used in the Roth Matter, (ECF Nos. 41, 59), and (3) Plaintiff avers that the production of these documents was part of an agreement with Defendants to streamline discovery in this case and the Roth Matter. (ECF No. 41 at 2–3). In other words, the fact that Plaintiff's counsel obtained these materials in this matter and may be able to use them in the Roth Matter may simply be a benefit of the bargain counsel struck with Defendants. Of course, the Court does not decide that issue at this time. The Court's point is simply that Defendants have not shown good cause to bar Plaintiff from using these materials in the Roth Matter. The Court will leave that issue to Judge Baxter. Therefore, the Court finds Defendants' second argument unavailing. *See Cipollone v. Liggett Grp., Inc.*, 113 F.R.D. 86, 93 (D.N.J. 1986) ("[T]he mere fact that plaintiffs intend to use these materials outside of this litigation is not 'good cause' to support the protective order, unless defendants can establish that the discovery was not procured in good faith for the purposes of this litigation.").

Further, while the parties to this case are private, which is a factor weighing in favor of including the Disputed Sentence, *Piazza*, 2022 WL 9538024, at *2, the Court reiterates that one issue it must consider in the good cause determination is whether "the sharing of information among litigants will promote fairness and efficiency[.]" *In re Avandia Mkt'g*, 924 F.3d at 671. Therefore, because the parties agreed to produce this non-party medical information in this case, and because it is not clear to the Court that this information may not be used in the Roth Case,[3] the Court finds that considerations of fairness and efficiency require the Court to leave the issue of whether this information may be used in the Roth Matter to Judge Baxter. After all, she is far better equipped to assess whether it is relevant to that case, and to weigh any privacy interests of the non-parties against other considerations, all in the context of the case before her.[4]

In sum, having balanced the relevant private and public interests, *id.* at 672, the Court finds that Defendants have not shown good cause to include the Disputed Sentence in the protective order, and the Court denies Defendants' request to include that provision therein.

An appropriate order follows.

---

[3] The Court reiterates that Defendants have not pointed to any agreement between themselves and Plaintiff indicating that the non-parties' medical information *may not* be used in the Roth Matter. (ECF Nos. 41, 59).

[4] Indeed, the protective order that the Court intends to issue includes a provision that the "parties reserve the right to object to the use of any Confidential Information produced in this case in the Roth Matter on relevancy or any other applicable grounds." (ECF No. 41-1 at 3).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE SULLIVAN, | ) | CIVIL ACTION NO. 3:22-116 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| EXACT SCIENCES CORPORATION | ) | |
| and KEVIN CONROY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 4th day of August, 2023, upon consideration of the parties "Joint Motion for Entry of Stipulated Protective Order[,]" (ECF No. 41), and for the reasons stated in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the parties' Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court will enter the parties' proposed protective order (ECF No. 41-1) in full, with the lone exception of the Disputed Sentence in paragraph 6.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**